IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL DE LA CRUZ, ERASMO DE LA CRUZ, JOSE DE JESUS DE LA CRUZ, and MARIA DE JESUS DE LA CRUZ CARREON, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF JOSE DE LA CRUZ, DECEASED | §<br>§<br>§<br>§<br>§<br>§ | |
| *Plaintiffs,* | §<br>§ | **CIVIL ACTION NO: 4:23-CV-04294**<br>**Jury Requested** |
| VS. | §<br>§ | |
| HARRIS COUNTY, TEXAS,<br>*Defendant.* | §<br>§ | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW SAMUEL DE LA CRUZ, ERASMO DE LA CRUZ, JOSE DE JESUS DE LA CRUZ, (as wrongful death beneficiaries of Jose De La Cruz) and MARIA DE JESUS DE LA CRUZ CARREON, individually and as the representative of the estate of JOSE DE LA CRUZ, ("Plaintiffs") complaining of HARRIS COUNTY, TEXAS, ("Defendant"), and in support thereof would respectfully show unto the court as follows:

## I. PARTIES

1. Plaintiff, **MARIA DE JESUS DE LA CRUZ CARREON**, is the surviving spouse of the deceased Mr. Jose De La Cruz and brings this suit on behalf of herself and the estate of the decedent. Mrs. De La Cruz is a resident of Harris County, Texas.

2. Plaintiff, **SAMUEL DE LE CRUZ**, is an individual residing in Harris County, Texas. Samuel

is the son of decedent Jose De La Cruz.

3.   Plaintiff, **ERASMO DE LA CRUZ**, is an induvial residing in Harris County, Texas. Erasmo is the son of decedent Jose De La Cruz.

4.   Plaintiff, **JOSE DE JESUS DE LA CRUZ** is an individual residing in Harris County, Texas. Jose is the son of decedent Jose De La Cruz.

5.   Defendant, **HARRIS COUNTY** is the government entity responsible for the Harris County Constable's Office which is in turn responsible for the Harris County Jail where the Plaintiff and decedent suffered their injuries. Harris County is located in the Southern District of Texas. Harris County may be served with this Complaint by and through Harris County Judge Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002.

## II.      JURISDICTION AND VENUE

6.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 because Plaintiffs are suing for relief under 42 U.S.C. § 1983.

7.   Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant is located in the Southern District of Texas, and all or a substantial part of the causes of action accrued in the Southern District of Texas.

## III.     FACTS AND ALLEGATIONS

8.   Plaintiffs incorporate the paragraphs as if set forth fully herein.

9.   On or about November 16, 2021, Decedent was booked and placed into the Harris County Precinct 1 jail for driving while intoxicated.

10.   Approximately an hour and a half later the decedent was found hanging with two tied socks

PLAINTIFFS' ORIGINAL COMPLAINT                                                                                2

around his neck.

11.  The Decedent was still alive at the time that they discovered him.

12.  Correctional officers initiated CPR and the Decedent was transported to the hospital where was later pronounced dead.

13.  Defendant, Harris County's culture and history of prevalent policies, practices, and customs of failing to observe and monitor detainees, provide timely and adequate medical care, systemic understaffing and overcrowding of their correctional institutions were the direct cause and moving force of Decedent's injuries and death.

14.  Plaintiffs each suffered injuries caused by Harris County's pervasive acts and omissions which were sufficiently extended and pervasive to constitute the policies and conditions of Harris County.

## IV.   CAUSES OF ACTION

**A.  CAUSE OF ACTION:** ***MONELL*** **CLAIM; VIOLATION OF THE FOURTEENTH AMENDMENT; PURSUANT TO 42 U.S.C. § 1983; FAILURE TO TRAIN OR SUPERVISE**

15.  Plaintiffs incorporate the paragraphs as if set forth fully herein.

16.  Harris County has a continuing and ongoing policy, practice, and custom of failing to properly monitor and observe detainees which leads to the violation of their constitutional rights.

17.  Specifically, in this case where the facts will show that Harris County's policies of failure to observe permitted Mr. De La Cruz to hang himself and prevented a timely provision of adequate medical care.

18.  For a failure to train claim, Plaintiffs must show (1) the training policy and procedures were

inadequate; (2) the County was deliberately indifferent in adopting its training policy and procedures; and (3) the inadequate training policy and procedures directly caused the constitutional violation.

19. Harris County failed to provide and implement adequate training and procedures to their employees.

20. Harris County failed to ensure the proper implementation of existing policies and recommendations.

21. The failure of the Harris County in this instance directly and proximately caused the constitutional violation resulting in Decedent's injuries and death.

22. Harris County routinely failed to properly observe and monitor detainees through face-to-face checks, video monitoring, and in identifying and monitoring blind spots within the jail and subsequent inaccurate reporting and documentation of those observations.

23.This along with their routine failures to provide detainees with medical care and/or sufficient medical care within a timely manner are the basis of this cause of action.

## B. CAUSE OF ACTION: MONELL CLAIM; VIOLATION OF THE FOURTEENTH AMENDMENT; PURSUANT TO 42 U.S.C. § 1983

24. Plaintiffs incorporate the paragraphs as if set forth fully herein.

25. Plaintiffs bring claims against Defendant Harris County for the violations of the detainee's 14th Amendment rights under 42 U.S.C. § 1983.

26. Plaintiffs invoke the conditions of confinement theory for the deaths and injuries of the Plaintiffs which requires a showing of (1) an official policy; (2) a policymaker; and (3) that the policy was the moving force behind the constitutional violation.

27. Harris County's acts and omissions, which resulted in Plaintiffs' deaths and injuries, were committed pursuant to one or more interrelated policies, practices, and customs of Harris County which resulted in conditions, practices, rules, and restrictions imposed on the detainees that "amounts to punishment in advance of trial." *Sanchez v. Young Cnty*., 866 F.3d 274, 279 (5th Cir. 2017).

28. The Court is not required to consider each policy in a vacuum but may consider the interrelation of multiple policies and practices in the county and how each policy may exacerbate the harmful effects of each policy.

## V. WRONGFUL DEATH AND SURVIVAL CLAIMS

15.   Plaintiffs Samuel De La Cruz, Erasmo De La Cruz, and Jose De Jesus De La Cruz bring this suit on behalf of themselves as the wrongful death beneficiaries entitled to recover.

16.   Plaintiff Maria De Jesus De La Cruz brings this survival action because of personal injuries suffered by Decedent, Jose De La Cruz, which resulted in his death.  Plaintiff, Maria De Jesus De La Cruz Carreon, seeks damages for the conscious pain and suffering and mental anguish that Jose De La Cruz suffered prior to his death and for the reasonable and necessary medical, funeral and burial expenses.

## VI. DAMAGES

26. Plaintiffs incorporate the paragraphs as if set forth fully herein.

27. Plaintiffs each suffered the following damages as a direct and proximate result of Harris County's violations as identified above;

a. Actual damages;

b. Medical expenses incurred in the past;

c. Funeral and burial expenses;

d. Mental anguish and emotional distress suffered by Mr. De La Cruz;

e. Mental anguish and emotional distress suffered by Plaintiffs;

f. Lost earning capacity;

g. Lost care, guidance, love, affection, or counsel;

h. Lost household services;

i. Lost inheritance;

j. Pain and suffering by Mr. De La Cruz;

k. Lost enjoyment of life;

l. Pre-judgment interest; and

m. Post-judgment interest.

## VII. ATTORNEY'S FEES

28. Pursuant to 42 U.S.C. § 1988; 42 U.S.C. § 12205; and 29 U.S.C. § 794a, Plaintiffs are entitled to recover their attorney's fees and costs.

## VIII. JURY REQUEST

29. Plaintiffs respectfully request a trial by a jury of their peers on all matters triable to a jury. Plaintiffs will tender the appropriate fee.

## IX. PRAYER

30. WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that judgment be rendered against Defendant, Harris County, for an amount in excess of the jurisdictional limits of this Court. Plaintiffs further pray for all other relief, both legal and equitable, to which they may show themselves entitled.

Respectfully submitted,

PLAINTIFFS' ORIGINAL COMPLAINT                                                                                          6

THE GHUNEIM LAW FIRM
*/s/ Wisam Ghuneim*
Wisam Ghuneim
SBN: 24035702
Email: wg@ghuneimlaw.com
4702 Spencer Hwy.
Pasadena, TX 77505
Tel: (281) 487-8929
Fax: (281) 487-0022
ATTORNEY FOR PLAINTIFFS