# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL DE LA CRUZ, ERASMO DE LA CRUZ, JOSE DE JESUS DE LA CRUZ, and MARIA DE JESUS DE LA CRUZ CARREON, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF JOSE DE LA CRUZ, DECEASED | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:23-cv-004294 JURY DEMANDED |
| *Plaintiffs,* | | |
| v. | | |
| HARRIS COUNTY, TEXAS, | | |
| *Defendant.* | | |

## DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS

Defendant Harris County files this motion to dismiss under Rule 12(b)(6), and shows the court the following:

### BACKGROUND

1. The claims against the Harris County arise out of Jose De La Cruz's ("Decedent") detention on November 16, 2021. Decedent was arrested for driving while intoxicated and detained. While detained, Decedent asphyxiated himself with socks. CPR was initiated and Decedent was transported to the hospital where he was later pronounced dead.

2. Plaintiffs assert claims under 42 U.S.C. § 1983 and the Texas Tort Claims Act and/or Wrongful Death statute. Plaintiffs allege that Harris County failed to train and supervise employees, had policies, practices, and customs of failing to monitor detainees or failing to

provide adequate medical care. Plaintiffs also claim chronic understaffing and overcrowding caused Plaintiffs damages.

## STANDARD OF REVIEW

3. This court is to take all well-pleaded facts as true at the motion to dismiss stage. But there are no well pleaded facts here. The Plaintiff's claims against Movant should be dismissed.

4. **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. See Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely based on the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft*, 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

5. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145,

148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

6. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

7. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

## ARGUMENTS AND AUTHORITIES

8. **Limitations.** The statute of limitation for a §1983 claim in Texas is two years. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019). Plaintiffs failed to obtain service of process before limitations expired, so it is Plaintiffs' burden to show Plaintiffs exercised due diligence in obtaining service of process. *Sutton Place 1 Townhouse v. Amguard Ins. Co.*, ___ F. Supp. 3d___ (W.D. Tex. 2023), 2023 WL 2874448, 4-5.

9. Per Plaintiffs' Complaint, Plaintiffs' causes of action accrued on November 16, 2021, the date the Decedent was first injured. Plaintiffs waited to file suit until November 14, 2023, two days before limitations expired Docket Entry (DE) 1. Plaintiffs did not request a summons until November 21, 2023, five days after limitations expired. DE 2. Plaintiffs did not attempt to serve the suit until December 1, 2023, 15 days after limitations expired. Plaintiffs did not obtain service of process until January 3, 2024, 48 days after limitations expired. DE 7. This is not due diligence.

10. Plaintiff's process server that served a summons without a copy of the Complaint on December 1, 2023. So, Plaintiffs had <u>at least</u> constructive knowledge of the lack of proper service on December 1, 2023. In addition, Defense Counsel contacted Plaintiffs' Counsel's office by phone on December 11, 2023, and advised them of the lack of service and asked to discuss Plaintiffs' pleading defects. Defense counsel also emailed and mailed Plaintiffs' counsel on December 22, 2023, regarding the lack of service. See Exhibit A. Plaintiffs' failure to obtain service for 48 days after limitations expired show a lack of diligence. Given that Harris County has a valid limitations defense, proceeding with this suit is futile.

11. **Insufficient Factual Allegations**. Plaintiffs' allegations are woefully inadequate and conclusory. Plaintiffs pled no facts that indicate Harris County caused any of Plaintiffs' alleged injuries. Plaintiffs' merely assert conclusory allegations regarding conditions of confinement,

4

training, supervision, overcrowding, lack of staffing, unconstitutional policy, practice, or custom and inadequate medical care. For example:

    a.    Plaintiffs allege the decedent received CPR and hospital care without any factual allegations as to why CPR and hospital care are inadequate or inappropriate.

    b.    Plaintiffs do not allege facts showing the facility in question was overcrowded or understaffed while the Decedent was there.

    c.    Plaintiffs do not allege any facts about what training is inadequate or what individuals were not properly trained.

    d.    Plaintiffs do not allege any facts that show a lack of supervision caused Plaintiffs' injuries.

    e.    Plaintiffs do not allege any facts as to what and how conditions of confinement violated the Constitution or caused Plaintiffs' injuries.

    f.    As for Plaintiffs state law claims, they do not allege sufficient facts regarding the use of property. In fact, the facts as alleged by Plaintiffs preclude any liability under state law for an inmate suicide under the Tort Claims Act. *Forgan v. Howard Co.*, 494 F.3d. 518, 520-521 (5th Cir. 2007), *Anderson v. Dallas County*, 286 Fed. Appx. 850 (5th Cir. 2008), *Converse v. City of Kemah*, (S.D. Tex. 2016), 20016WL5942932. Further, the wrongful death statute does not apply to Harris County. Tex. Civ. Prac. & Rem. Code §71.001(1) (Vernon 2023) and *Mann v. Lopez*, 404 F.Supp.2d 932, 940-941 (W.D. Tex. 2005).

12.    **Failure to Train and Supervise**. Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *Thompson v. Upshur Cnty.,* 245 F.3d 447, 459 (5th Cir.2001). The plaintiff must present evidence that the municipality is itself legally

5

responsible for the challenged conduct. *Doe v Edgewood Independent School District*, 964 F3d 351, 364–65 (5th Cir 2020). This is generally established by proving that (i) an official policy (ii) promulgated by a municipal policymaker (iii) was the "moving force" behind the violation of a constitutional right. *Piotrowski v City of Houston*, 237 F3d 567, 578 (5th Cir 2001) (citations omitted). See also, *Aviles v. Saldivar*, No. 4:22-CV-03571, 2023 WL 5487668, at *3 (S.D. Tex. Aug. 23, 2023).

13. Plaintiff only makes conclusory allegations on failure to train and supervise. Plaintiff does not identify the employees or positions that were not adequately trained or supervised. As a result, *Taylor v. Hartley*, 488 F. Supp. 3d 517, 535–40 (S.D. Tex. 2020) applies. As this court noted, "[t]he Supreme Court observes, 'A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'" *Taylor,* 488 F. Supp. 3d at 535, citing to *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To state such a claim, a plaintiff must plead that:

   a. the training procedures of the municipality's policymaker were inadequate;
   b. the policymaker was deliberately indifferent in adopting the training policy; and
   c. the inadequate training policy directly caused the plaintiff's injury.

*Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000), quoting *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996). Plaintiffs make only conclusory allegations in this regard.

14. Municipal liability does not attach merely because "a particular officer may be unsatisfactorily trained" or "an otherwise sound program has occasionally been negligently administered." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390–91 (1989). The Fifth Circuit directs with the first element that the focus must be on the adequacy of the training program in relation to the tasks the particular officer must perform. *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998), quoting *City of Canton,* 489 U.S. at 390. To survive a motion to dismiss, the

plaintiff must allege with specificity how the training program is defective. *Roberts v. City of Shreveport,* 397 F.3d 287, 293 (5th Cir. 2005).

15. Plaintiffs neither allege specific facts about the training protocols in Harris County nor describe any deficiencies in the program in light of employees' duties. *Snyder*, 142 F.3d at 798. Since Plaintiffs have not identified an employee/position, a specific training program or alleged how it is inadequate their allegations do not show the training caused his injury.

16. Plaintiffs also do not properly plead deliberate indifference. This is "a stringent standard of fault," one "requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61, quoting *Board of County Commissioners of Bryan County Oklahoma v. Brown*, 520 U.S. 397, 410 (1997). "Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Connick*, 563 U.S. at 61. A municipality's deliberate indifference requires a plaintiff to allege a pattern of similar constitutional violations by untrained employees. *Id.* at 62. Plaintiffs' allegations are conclusory, at best, in this regard. Plaintiffs failed to identify any similar incidents.

17. A plaintiff must generally show that, given the duties assigned to specific officers or employees, "the need for more or different training is obvious, and the inadequacy is likely to result in the violation of constitutional rights." *City of Canton*, 489 U.S. at 390. Plaintiffs allege no pattern of similar violations by other allegedly untrained employees, which is "ordinarily necessary" to establish the requisite deliberate indifference to state a failure-to-train claim. *Connick*, 563 U.S. at 62. Plaintiffs make no allegations that, if true, are sufficient to put any policymaker on notice that its training was deficient. *Connick*, 563 U.S. at 62–63.

18. Plaintiffs allege failure to supervise as the basis for liability and must show: (1) failure to supervise the officers involved; (2) a causal link between the failure to supervise and the alleged violation of the plaintiff's rights; and (3) the failure to supervise amounted to deliberate indifference to the plaintiff's constitutional rights. *Thompson,* 245 F.3d at 459. Proof of a single instance, rather than a pattern of similar violations, normally will not sustain a lack of supervision claim. *Cozzo v. Tangipahoa Parish Council–Pres. Gov't,* 279 F.3d 273, 286–87 (5th Cir.2002). To be entitled to the "single act" exception to the general rule, applicable only in certain extreme circumstances, a plaintiff must show that the "highly predictable" consequence of the failure to supervise would result in the specific injury suffered and that the failure to supervise represented the "moving force" behind the constitutional violation. *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir.2005).

19. **Policy, Pattern and Practice.** "[U]nder §1983, local governments are responsible <u>only</u> for '<u>their own</u> illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis. I.e., Harris County is not vicariously liable for its employees' actions, even if unconstitutional. *Connick*, 560 U.S. at 60. Plaintiffs do not identify any other unrelated events as evidence of a pattern or practice. A custom may give rise to municipal liability only if the unlawful practice is "so persistent and widespread as to practically have the force of law." *Connick*

*v. Thompson,* 563 U.S. 51, 61 (2011). Plaintiffs failed to allege any facts showing policy, pattern, custom, or practice.

20. Critically, a pattern requires "similarity, specificity, and sufficiently numerous prior incidents." *Id.* "Showing a pervasive pattern is a heavy burden." *Sanchez v. Young Cnty.,* 956 F.3d 785, 793 (5th Cir. 2020); *Peterson v. City of Fort Worth,* 588 F.3d 838, 851 n.4 (5th Cir. 2009) (finding no pattern even though there were 27 complaints of excessive force over four years against police officers). Plaintiffs do not identify any other events.

21. **Sovereign Immunity.** Sovereign immunity includes immunity from suit and liability. Under sovereign immunity, the government is not answerable to a lawsuit or damages unless it consents to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Immunity from liability is an affirmative defense and liability from suit deprives a court of subject matter jurisdiction. *Id.* at 638. Harris County invokes sovereign immunity. It is Plaintiffs' burden to show that there is a disputed material fact regarding the jurisdictional issue. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *see Huckabee v. Time Warner Entm't Co. L.P.*, 19 S.W.3d 413, 420 (Tex. 2000); *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999). Even in the light most favorable to the Plaintiff, this court has no subject matter jurisdiction over this lawsuit due to sovereign immunity.

22. Without a waiver, sovereign immunity deprives a court of subject matter jurisdiction. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W. 3d 217, 224 (Tex. 2004). In that case, a trial court must dismiss the lawsuit with prejudice because a sovereign immunity bar deprives a court of subject matter jurisdiction. *See Hampton v. Univ. of Tex.–M.D. Anderson Cancer Ctr*., 6 S.W.3d 627, 629 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Plaintiffs have not alleged

sufficient facts to overcome sovereign immunity under the Texas Tort Claims Act. And, in fact the allegations Plaintiffs have made preclude recovery under the Texas Tort Claims Act. *Forgan v. Howard Co.*, 494 F.3d. 518, 520-521 (5th Cir. 2007), *Anderson v. Dallas County*, 286 Fed. Appx. 850 (5th Cir. 2008), *Converse v. City of Kemah*, (S.D. Tex. 2016), 20016WL5942932. Further, the wrongful death statute does not apply to Harris County. Tex. Civ. Prac. & Rem. Code §71.001(1) (Vernon 2023) and *Mann v. Lopez*, 404 F.Supp.2d 932, 940-941 (W.D. Tex. 2005).

## CONCLUSION

Plaintiffs have not alleged sufficient facts to invoke the jurisdiction of this Court. The facts Plaintiffs have alleged would not impose liability on Harris County and Plaintiffs' claims should be dismissed with prejudice.

Date: January 22, 2024.

    Respectfully submitted,

    **CHRISTIAN D. MENEFEE**
    HARRIS COUNTY ATTORNEY

    **JONATHAN G. C. FOMBONNE**
    DEPUTY COUNTY ATTORNEY AND FIRST
    ASSISTANT

    **NATALIE G. DELUCA**
    MANAGING COUNSEL,
    DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
    ESTATE DIVISIONS

By:   /s/ *Frank J. Ford*
    **FRANK J. FORD**
    Assistant County Attorney
    ATTORNEY-IN-CHARGE
    State Bar No. 24012642
    Fed. Bar No. 565385
    Tel: (713) 274-5166 (direct)
    frank.ford@harriscountytx.gov

**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24040354
Fed. Bar No. 725423
Tel: (713) 274-5133 (direct)
james.butt@harriscountytx.gov

**OFFICE OF THE HARRRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5166
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I certify that pursuant to Court Procedure 17(b) I attempted to confer with Plaintiffs' counsel on the issues addressed in this Motion to Dismiss beginning on December 11, 2023, via telephone, email, and U.S. mail. I sent a final email attempting to confer on January 17, 2024. Plaintiffs' Counsel obtained service of process on January 3, 2024, but otherwise has not responded as of the date of this motion.

*/s/ Frank J. Ford*
Frank J. Ford

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

*/s/ Frank J. Ford*
Frank J. Ford